T. C. OAKLEY v. C. M. VAN NOPPEN.

*Judgment—Undertaking—Execution—Appeal.*

1. Upon the affirmance by the Supreme Court of a judgment of the Superior Court in favor of the plaintiff, he is entitled, upon motion, to judgment against the sureties upon an undertaking to stay execution pending appeal; and such affirmance is conclusive of the liability of the sureties.

2. No particular form is required for an undertaking to stay execution upon appeal—and if words are inserted in such undertaking repugnant to its intent, they will be rejected as surplusage.

This was a MOTION, heard by *Philips, J.,* at March Term, 1887, of DURHAM Superior Court, for judgment, in accordance with the opinion of the Supreme Court, which had been duly certified, against the defendant and Eugene Morehead, his surety, upon an undertaking to stay execution of the judgment theretofore rendered in this case at Spring Term, 1886, of Durham Superior Court, and which judgment, on appeal by defendant, was affirmed by the Supreme Court. *Vide* 95 N. C., 60.

The undertaking was as follows: " Know all men by these presents, that we, C. M. Van Noppen and Eugene Morehead, are held and firmly bound unto T. C. Oakley in the sum of sixteen hundred dollars. Witness, our hands and seals, this March 29th, 1886.

" The condition of this bond is such that, whereas C. M. Van Noppen has appealed to the Supreme Court from the refusal of the Superior Court Judge to allot and set aside and declare invalid, as against defendant's right of homestead, the alleged lien of T. C. Oakley, filed in the Superior Court Clerk's office against the house and premises of said Van Noppen: Now then if, upon said appeal, the said ruling is affirmed, and said alleged lien declared and held to be valid as aforesaid, and the said Van Noppen shall then and in that case fail to pay the judgment of $805.90 against him in this action, then this bond shall remain in force; but if, in such event, it is paid, the bond is void."

This undertaking was signed and sealed by C. M. Van Noppen and Eugene Morehead.

The defendant and Eugene Morehead opposed the motion, because, first, the contingency, upon which said undertaking was to be payable, had not happened; and secondly, at Fall

(October) Term, 1886, of Durham Superior Court, the Judge had made an order in an appeal in said Court depending, from the return of the appraisers of the homestead of defendant under an execution issued in this action, directing sale of defendant's house and lot, and the payment to him of one thousand dollars in money, in lieu of a homestead; from which order and judgment the defendant had appealed to the Supreme Court, where his appeal was still pending and unheard.

His Honor rendered the following judgment:

"The judgment and opinion of the Supreme Court having been filed, and it appearing that the judgment of the Superior Court is in all respects affirmed: Now, on motion of plaintiff, it is adjudged that plaintiff Oakley recover of defendant, Van Noppen, and Eugene Morehead, his surety on his undertaking for stay of execution, the sum of sixteen hundred dollars, the penalty of said undertaking, to be discharged upon the payment of $805.90, with interest," &c.

From this judgment the defendant and Eugene Morehead appealed.

*Messrs. J. W. Graham* and *Jas. Manning*, for the plaintiff.
*Messrs. E. C. Smith* and *W. W. Fuller*, for the defendant.

DAVIS, J.   At the March Term, 1886, of the Superior Court of Durham, there was a judgment in favor of the plaintiff, against the defendant, Van Noppen, for $805.93, from which the said defendant appealed to the Supreme Court, and it was to stay the execution of the judgment appealed from that the undertaking set out in this proceeding was executed. The undertaking is not in the usual form in appeals from judgments directing the payment of money, but contains a condition, upon which the appellants insist that their liability depends, and that the contingency upon which they were to pay has not happened. They further object, because of

100—19

what transpired at the Fall Term, 1886, of Durham Superior Court.

The liability of the obligors rests entirely upon the judgment of the Supeme Court, rendered upon the appeal, and the second ground of objection to the motion for judgment upon the undertaking, cannot be considered by us. No exact form of undertaking is required; and we are to consider whether there was such an affirmation by the Supreme Court of the judgment appealed from, as to entitle the plaintiff to judgment upon the undertaking given.

The case as reported in 95 N. C., page 60, is made a part of the case on appeal, and from it it appears, as material for our consideration, that the plaintiff's action was for the recovery of money, alleged to be due for the erection of a house, by agreement, for the defendant; that the defendant failing to pay, the plaintiff filed a lien upon the house and lot on which it was built, and he demanded judgment for the amount alleged to be due, and that the "judgment be declared a lien upon said house and lot." The defendant denied the plaintiff's right to recover. He also denied the right of the plaintiff "to file or have a lien upon defendant's property," &c., and set up a counter-claim. Issues were submitted, with the assent of both parties, and, upon the first, the jury found that the defendant was indebted to the plaintiff in the sum of $805.93; and, upon the second, that the plaintiff was not indebted to the defendant.

In the statement of the case, it is stated that, "the defendant in his answer alleged that the lien was invalid, as against his homestead, and prayed that the Court might so determine; and objected to the judgment, unless it contained a clause declaring the lien invalid as against his homestead." After a statement of other facts, ASHE, J., delivering the opinion of the Court, says: "The only exception presented for our consideration, by the record, is to the judgment, because it did not declare the lien invalid as

against the defendant's homestead. The exception cannot be sustained, for several reasons;" and after stating them, he says: "Our conclusion is, there was no error, and the judgment of the Superior Court is affirmed." If the defendant, Van Noppen, failed to have the question of his right to a homestead properly presented, it seems to have been from no error in the "ruling," or judgment of the Superior Court, to which he excepted and from which he appealed, and that judgment having been affirmed by the Supreme Court, no subsequent proceedings, affecting or declaring the rights of the defendant, Van Noppen, to a homestead, could vary or change the liability of the obligors in the undertaking on appeal. That liability became absolute when the *ruling* of the Court below was affirmed, and the exception "to the judgment, because it did not declare the lien invalid, as against the defendant's homestead," overruled.

There is no error, and the judgment is affirmed.

The foregoing opinion was filed at October Term last of this Court. During that term a motion, in behalf of the defendant, for a reconsideration, was filed, and the case was reheard at this term.

SMITH, C. J. We have carefully reconsidered the opinion and the conclusion to which it leads, upon the defendant's application, and in the light of the adjudications to which we have been referred, and find no sufficient ground for changing the result.

The judgment, from which the appeal is taken, is rendered in the usual form of a simple money demand, and its silence as to the existence of the lien, asserted and sought to be enforced in the complaint, must be deemed a denial of the claim and an adjudication against it, and the subsequent proceedings under execution, in the recognition and allotment of the debtor's homestead in the land, uncontested,

shows such to be the construction put upon the judgment, and its legal effect, by the parties.

There is no ground, therefore, for an appeal by the defendant from the ruling of the Court, and the refusal to insert a clause in it, declaring the priority of the homestead right, over that of the statutory lien upon the premises; for the adverse decision as to the latter leaves the premises, when being subjected to the execution, open, as in the other cases, to the claim for exemption, to be asserted in the mode prescribed by law. There is, consequently, no just cause of complaint afforded to the defendant for his appeal; for the proposed modification of the judgment would have been of no advantage to him.

The complaint, when there is no just reason for it, comes from the defendant alone, and the appeal is his alone, prosecuted solely to redress a supposed wrong done to him, and correct a ruling from which it is alleged to result, and the undertaking, put in the form of a penal bond with conditions, is in his *interest* and for *his relief*, and the surety thereto comes collaterally and contingently into the action, in support and aid of the debtor, in effecting a reversal or correction of the ruling for his relief and benefit. The recitals in the bond show its aim and purpose, to be to subordinate the lien to the homestead, by direct declaratory terms, and its end is obtained when this result is reached.

The objection of the appellants, in the present appeal, to the rendition of the judgment, rests upon the introduction into the condition, upon which the liability depends, the further words, " and said alleged lien declared and held to be valid as aforesaid," a contingency which has not occurred, since no such adjudication was made. But this provision is not only repugnant to the clause immediately preceding, for the *affirming of the ruling* precludes the making any such inconsistent declaration, and both conditions cannot co-exist, but is contrary to the entire scope and object for which the undertaking was given, as shown by its terms. There is,

then, no alternative, and these inadvertent words must be rejected, on account of such repugnancy, or the bond is a nullity. We are constrained, therefore, to eliminate them, or give such a construction to the instrument as will make it conform to the statutory requirement—and the other provisions meet this—and render it, what all parties meant it should be, a security for the debt, if there was no error found in the action of the Court.

In this connection it may be remarked, that the very object of the appeal, a judicial determination of the question of the relations between the lien, and the exemption in favor of the debtor, would be defeated if this condition, now insisted on, is essential to the liability ; so that the appellant will extricate himself from his bond, by losing the very interest his appeal was intended to secure.

The clause, which makes the difficulty, has no proper place in the instrument, and it is complete under the statute, with the clause omitted, since the allegation becomes operative by the *affirming* of the judgment in the appellate Court, and so itself and the statute alike provide. *The Code*, § 554.

As then the liability, before contingent, becomes absolute, when "the judgment appealed from, or any part thereof is affirmed, or the appeal dismissed"—and it has been affirmed—we think, notwithstanding the interpolation of the repugnant matter, the bond imposed the obligation of payment on the surety, and it was properly so adjudged. We have examined the cases cited, so far as accessible to us, and they do not contravene the principle of this adjudication; and that of *Crist* v. *Burlingame*, 62 Barb., 351, rather gives it support. It cites, with approval, what is said by C. J. SHAW in *Burt* v. *Hartshorn*, 1 Met. (Mass.), 24, as follows: "The rule, as in other cases, must be, to look at the whole instrument and the circumstances and relation in which the parties stood to each other, at the time of entering into the contract, and therefrom ascertain the intention of the parties; and the

intent, when thus ascertained, must govern the construction of the contract;" and in the present case we give effect to the maxim, *ut res magis valeat quam pereat,* so often quoted in the adjudications of this Court.

We therefore leave undisturbed our former ruling, and find no error in it.

Affirmed.